**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*
*Walmart Inc., d/b/a Walmart*
*#5269, Wal-Mart Stores, Inc.,*
*Wal-Mart Neighborhood Market*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAVID PAUL CASAB, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART, INC., d/b/a WALMART #5269; WAL-MART STORES, INC.; WAL-MART NEIGHBORHOOD MARKET; ALISAH MEDRANO; DOE PROPERTY OWNER I-V; ROE PROPERTY OWNER I-V; DOE JANITORIAL EMPLOYEE I-V; ROE JANITORIAL COMPANY I-V; ROE MAINTENANCE COMPANY I-V; ROE PROPERTY MANAGEMENT COMPANY I-V; DOE MAINTENANCE WORKER I-V; DOE PROPERTY MANAGER I-V; DOE EMPLOYEE I-V; ROE EMPLOYER I-V; and ROE COMPANIES I-V, inclusive, jointly and severally<br><br>    Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: A-22-848444-C, Dept. No.:22]<br><br>**DEFENDANT WALMART, INC. d/b/a WALMART #5269, WAL-MART STORES, INC., WAL-MART NEIGHBORHOOD MARKET'S PETITION OF REMOVAL** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant WALMART, INC. d/b/a WALMART #5269, WAL-MART STORES, INC., WAL-MART NEIGHBORHOOD MARKET ("Defendant") hereby files this Notice of Removal of the above referenced action from the Eighth

Judicial District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

## I. BACKGROUND

1. On February 16, 2022 Plaintiff, Paul Casab ("Plaintiff"), filed his Complaint against Defendant, ALISAH MEDRANO and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-848444-C. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. On April 1, 2022, Defendant ALISAH MEDRANO filed her Motion to Dismiss All Claims Against Her Pursuant to NRCP 12(b)(5). A true and correct copy of Medrano's Motion to Dismiss is attached hereto as **Exhibit B**.

3. On May 10, 2022, the matter was heard before the Eighth Judicial District Court, Department 22, where the Motion to Dismiss was granted in an Order to Dismiss Defendant Alisah Medrano was issued on June 7, 2022. A true and correct copy of the Order to Dismiss Alisah Medrano is attached hereto as **Exhibit C**.

4. On June 14, 2022, the Order to Dismiss Defendant Alisah Medrano was entered and went into effect. A true and correct copy of the Order to Dismiss Alisah Medrano is attached hereto as **Exhibit D**.

5. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining whether jurisdiction lies. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship, "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) [setting forth requirements for diversity jurisdiction] of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

6. Plaintiff's Complaint pleads three causes of actions: 1) Negligence against all Defendants 2) Negligent Entrustment, Hiring, Training and Supervision against Defendant Entity and 3) Punitive Damages.

7. For damages in his Complaint, Plaintiff prays for judgement against Defendant for general damages in excess of $15,000; special damages to be determined at the time of the trial; consequential damages, including attorney fees; expectation damages for denied policy benefits in excess of $15,000; medical and incidental expenses already incurred and to be incurred; lost earnings and earning capacity; reasonable attorney's fees and costs of suit; punitive damages in an amount to be determined at trial; interest at the statutory rate; and for such other further relief as is just and proper. *See* **Exhibit A**, p. 13.

## II.    TIMELINESS OF REMOVAL

8. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action *See* 28 U.S.C. § 1446(b).

9. However, there is an exception to the general rule outlined in 28 U.S.C. § 1446(b), which states:

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3) (emphasis added).

10. Defendant, through its registered agent, was served with a copy of the Complaint on February 22, 2022.

11. However, as stated above, the case, as stated by the initial pleading (the Complaint), was not removable because there was not complete diversity between the parties and it was not apparent from the face of the Complaint that there was a sufficient amount in controversy.

12. On July 8, 2022, Plaintiff filed his Initial Disclosures from Arbitration which indicated that he was claiming $137,906.02 in past medical expenses. See Pltf's Initial Disclosures from Arbitration, p. 15, attached hereto as **Exhibit E**.

13. Based on this Initial Disclosures, it has become apparent that the amount in controversy is sufficient to make this case removeable, and therefore the Request filed by Plaintiff on July 8, 2022, is indicative that this matter meets the requirement for the amount exceeding $75,000 to be eligible for removal.

14. Based upon the Notice of Entry of Order to Dismiss Defendant Alisah Medrano, filed on June 14, 2022, it is apparent the Plaintiff, a resident of Clark County, and WALMART, INC. d/b/a WALMART #5269, WAL-MART STORES, INC. and WAL-MART NEIGHBORHOOD MARKET, a foreign corporation, are now completely diversified, and therefore the Notice of Entry of Order to Dismiss Defendant Alisah Medrano is the first papers from which it may be ascertained this case is removeable.

15. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of the receipt by Defendant, of the Notice of Entry of Order to Dismiss Defendant Alisah Medrano.

### III.    DIVERSITY JURISDICTION

16. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds

$75,000, exclusive of interests and costs.

A. <u>There Exists Complete Diversity of Citizenship</u>

17. For the purpose of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18. For the purpose of diversity jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.,* 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship for diversity purposes is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

19. The Plaintiff in this action is domiciled in, and a resident of, Clark County, Nevada. *See* **Exhibit A** at ¶ 1.

20. Defendant WALMART, INC. d/b/a WALMART #5269, WAL-MART STORES, INC. and WAL-MART NEIGHBORHOOD MARKET are a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas. Plaintiff's Complaint admits that Defendant is a foreign corporation. *See* **Exhibit A** at ¶ 2-3.

21. Plaintiff's Complaint includes the assertion that Defendant is authorized to and conducts business in Clark County, Nevada. *See* Exhibit A at ¶ 2-3. However, this assertion is irrelevant to the question of diversity because citizenship for the purpose of diversity jurisdiction is determined *only* by the state of incorporation and the principal place of business of a corporation; the fact that Defendant is doing business in Nevada does not render it a citizen of Nevada. *See Hertz,* 559 U.S. at 93.

B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest

22. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to specify damages or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-4 (9th Cir. 1996)); *see also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc.*, No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D.Nev. Aug. 9, 2012).

23. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. This is insufficient to make it facially apparent from the Complaint that the amount in controversy requirement is met.

24. However, as discussed above, Plaintiff's Initial Disclosures served on Defendant on July 8, 2022 makes it apparent that the amount in controversy in this matter does actually exceed $75,000.

25. In his Plaintiff's Initial Disclosures, Plaintiff claims she has suffered $137,906.02 in past medical expenses incurred to date. *See* **Exhibit E** at p. 3.

### IV.    VENUE IS PROPER IN THIS DISTRICT AND DIVISION

26. Plaintiff filed his Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

### V.    THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

27. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

28. A written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

29. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit F.**

30. The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

31. If any question arises as to the propriety of the Removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 13th day of July, 2022.

                ALVERSON TAYLOR & SANDERS

                /s/ *Patrice Stephenson-Johnson*
                KURT R. BONDS, ESQ.
                Nevada Bar #6228
                PATRICE STEPHENSON-JOHNSON, ESQ.
                Nevada Bar #12283
                6605 Grand Montecito Parkway
                Suite 200
                Las Vegas, Nevada 89149
                (702) 384-7000
                *Attorneys for Defendant*
                *Walmart Inc., d/b/a Walmart*
                *Supercenter Store #2592*

N:\CLIENTS\

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000